## BLANCHARD vs. POMPELLY.

Defendant lent plaintiff $500, taking at the same time, as security, an assignment of a contract between plaintiff and a boat company for the building of a boat by plaintiff, and defendant agreed that, after deducting the $500 lent, he would accept all plaintiff's drafts on him against the balance due plaintiff on the contract by the company, and which defendant was to receive under the assignment. By the contract a part of the price of the boat was not to be paid till the boat " was put in operation," and the assignment contained the following clause, " there shall also be deducted from the balance due on said contract money sufficient to complete said boat according to contract." *Held*, in a suit by plaintiff to recover the amount of one of his drafts on defendant, that defendant was justified, both by the terms of his agreement with plaintiff, and as assignee and quasi owner of the contract with the company, in furnishing a new set of shafts for the boat, the first having proved defective.

Plaintiff had previously brought a suit and got a verdict against the company, of which defendant was a member, they having set up, as part of their defence to that suit, the money paid by defendant for the new shafts, and having claimed to deduct it from the amount the plaintiff sued them for at the time. A new trial was granted in that suit, but the company waived the rule granting it, on plaintiff's deducting certain items from the amount of his verdict, and allowed judgment to be entered for the balance. It does not appear that the price of the new shafts (and which is the amount now in controversy) was one of the items deducted. *Held*, under the circumstances of the arrangement with the company, that the judgment against them stands upon the same footing as regards all the items proved upon that trial, except those specifically deducted, as if no new trial had been granted ; and that every other item must be deemed to have entered into the consideration of the jury in making up their verdict against the company.

The compromise of the suit against the company opens that verdict and judgment to explanation ; but unless the defendant show affirmatively on the new trial granted in this suit that the amount paid by him for the new shafts was one of the items deducted by plaintiff in settling the amount of the judgment against the company, he can not set up that payment as a defence in this suit.

It seems a true proposition in the abstract, that setting aside a verdict and granting a new trial, with a subsequent compromise between the parties of the subject matter in suit, places it on the same footing as if no trial had ever taken place.

ASSUMPSIT to recover the amount of a draft drawn upon the defendant for $459.75 in pursuance of the following agreement :

" I do hereby agree to accept and pay any drafts that may

be drawn upon me by Thomas Blanchard for any sums of money paid into my hands by his attorney, William Platt, from collections made by him on account of balance due on certain contract dated September 17, 1834, for building a steam boat, after reserving and deducting such sums and interest thereon as I have advanced to said Blanchard this day." Signed by the defendant and dated 28th May, 1835.

The contract referred to had been entered into between the plaintiff and a company at Oswego, by which the former in consideration of $12,500, payable by the latter, had agreed to build a steam boat to navigate the Susquehanna river between that place and Wilkesbarre ; $6000 were to be paid on the shipment of the machinery to Oswego, and the *residue to be advanced in sums necessary to carry on the work at that place until the contract was completed and the boat put in operation, when the balance was to be paid.*

The plaintiff being desirous of raising $500, the defendant advanced the amount and took an absolute assignment of this contract by way of security. The assignment recited that $7,975.34 had then been received by plaintiff towards the boat ; and that $1,268.73 outstanding bills for account of building the same were also to be indorsed when paid by the company ; and then the following clause : " *There shall also be deducted from the balance due on said contract money sufficient to complete said boat according to contract.*

The assignment further contained a guaranty that there would be due on the contract when the boat was completed not less than $500 after deducting the above charges, costs of collection, &c.

It was also agreed that the contract for building the boat should be placed in the hands of an attorney (Platt) for collection, who was directed by the plaintiff to pay over the balance after deducting the above charges, costs, &c., to the defendant.

The agreement to accept for the amount of this balance, in pursuance of which the draft in question was drawn, was made at the time of the execution of this assignment. The whole was one transaction.

The defendant claimed that he had already paid over to

the plaintiff all the moneys received, except the $500 lent, and some six hundred dollars which he was obliged to advance for the purpose of completing the boat according to the contract; and which he insisted he had a right to advance, 1st, by the terms of the assignment; and 2d, as assignee and holder of the contract. The expense consisted in furnishing a new set of shafts for the boat, the first having proved defective.

This ground was denied by the plaintiff; but, if otherwise, it was insisted that the defendant had been already allowed the amount as one of the company in a suit brought by the plaintiff against them, to recover the balance due on the contract, in which this item had been given in evidence by way of reducing the recovery.

It appeared that a suit had been commenced in September, 1835, against the company; on the trial of which, evidence had been given on the part of the defence of the moneys paid by the defendant in procuring the new set of shafts, and which was on that account claimed to be deducted. The defendant here was one of the company, and of course one of the defendants in that suit; but he did not assent to the application of the money, and refused to furnish the original bills for the trial. The items, however, were proved by the agent employed to purchase the shafts.

The plaintiff recovered in that suit a verdict of $5,240.31, which on motion for a new trial was set aside. Afterwards the parties compromised, and the defendants, on plaintiff's consenting to deduct various items, in the aggregate amounting to $1,178.06, agreed to waive a new trial and let judgment be entered up for the balance. It does not appear that the item in controversy here was one of those deducted from the amount of the verdict.

There was a good deal of evidence given on the point, whether the boat had been completed according to the contract, and accepted absolutely by the company before the shafts supplied by defendant gave way; but the disposition of the case at the circuit renders it unimportant to detail it.

When the testimony closed, the judge charged that the trial and judgment in the suit of Blanchard against the

Blanchard v. Pompelly.

company constituted a bar to the claim now set up by the defendant, as the same defence was then gone into and submitted to the jury. He further charged that the assignment of the contract to the defendant, taken in connection with his agreement, made at the same time and on which this suit was brought, did not, by its terms, authorize him to advance for the plaintiff money which might be necessary to repair defects in the workmanship appearing after the boat had been delivered to the company complete. And further, that *defendant was not authorized to advance money for plaintiff necessary to complete the boat according to the contract, and retain it out of the moneys which might come from the company to him under the assignment.* And further, that it was necessary for the defendant to have applied to Blanchard to procure new shafts before he would be allowed to procure them and charge Blanchard with the expense. And that any money advanced by the defendant, individually, to procure new shafts could have been brought in by him on the trial against the company, and an allowance obtained therefor, if it was a proper and necessary expense; to which several opinions, exception was taken. Verdict for plaintiff. Defendant moves for a new trial, on a bill of exceptions.

*By the Court,* NELSON, Ch. J. 1. I am of opinion the learned judge erred in ruling, that the defendant was not, under the circumstances, authorized to advance money for the plaintiff necessary to complete the boat, in pursuance of the contract entered into between him and the company, and to retain the amount out of any moneys that might come into his hands under the assignment of 28th May, 1835.

The proposition assumes, that the advance may have been made in good faith and for the sole purpose of the completion, and still the defendant not entitled to credit in the settlement of accounts between him and plaintiff.

There is, therefore, no controversy as respects this part of the charge about the application of the money, in fact, toward the proper completion of the boat. That is admitted.

In reference to the contract itself, it appears that the company reserved to themselves, in express terms, the right

to have the.price stipulated to be paid the plaintiff for build-
ing the boat first applied to the purchase of the necessary
materials and in carrying on the work until the boat was
finished and put in operation, when any balance that might
remain due was to be paid over. They did not choose, it
seems, to trust to his individual responsibility; and hence
the stipulation that no part of the price was to be paid with-
out regard to state of the work, till the whole was finished.

This clause explains the meaning and object of one to be
found in the assignment to the defendant.

After mentioning the sums of money already advanced to
the plaintiff; and to be advanced upon outstanding bills, it
is added, "There shall also be deducted from the balance
due on said contract money sufficient to complete said boat
according to contract."

Now, whether this money was advanced by the company
under the privilege reserved in the contract, or by the de-
fendant, the assignee interested in its completion, was a
matter of no importance to the plaintiff.

In either case the result would be the same, the balance
to be paid over to the plaintiff in the end would be so much
the less. The money advanced would be so much money
paid to his use and at, his request, agreeably to the condi-
tions of the contract between the parties.

Besides, the defendant, as assignee and quasi owner of
the contract had a perfect right, for the protection of his
own interest as well as the interest of the assignor, to make
any advances that might be proper or necessary to complete
the boat, as nothing could be realized by the one or the
other until it was finished. He stood in the place of Blan-
chard, at least to the extent of his own interest in the con-
tract; and was clearly justified therefore in taking any step
that it would have been right and proper for Blanchard to
have taken by way of performance of the contract on his
part. This power was essential to the proper protection of
his interest; without it the assignment might have been
worthless as a security.

2. I am inclined to think that the verdict and judgment
in favor of the plaintiff upon the contract against the asso-

ciation, unexplained, would be conclusive upon the defendant as respects the defence here.

The same matter was given in evidence on the part of the defence on the trial in that suit, and, whether allowed or not by the jury, must be regarded as a final disposition of it, unless the effect of the verdict be removed by the terms of the settlement to which we shall hereafter refer.

The defendant, being one of the association, must be taken as having assented to the use of this matter by way of defence in the suit against them; at all events it must be so regarded until more efficient steps are shown by him, in order to preclude the use of it on that trial; and then it would be obviously unjust to allow him the benefit of the same matter a second time.

It is said, however, that the jury on the trial against the company did not credit this item to them; in other words, did not allow it by way of defence. But that we do not know, and besides, if rejected on the merits, the verdict would be equally decisive of it.

It is further said, that setting aside the verdict and granting a new trial, with the subsequent compromise between the parties of the subject matter of that suit, placed it upon the same footing as if no trial had ever taken place.

The proposition may be true in the abstract, but is not applicable to this case, upon the peculiar circumstances attending the arrangement.

After the new trial was granted, the defendants agreed, on certain specified deductions being made, to waive the rule granting it, and to permit judgment to be entered up. In good sense, therefore, and, I think, in legal effect, the judgment stands upon the same footing as if no new trial had been granted, with the exception of the items thus specifically deducted. Every other item or subject matter used by way of defence upon the trial remains, and should be deemed to have entered into the consideration of the jury in making up their verdict, and which the parties themselves have adopted as the basis of the settlement.

I admit this amicable adjustment of the controversy opens the verdict and judgment to explanation; they are both

subject to be controlled by the terms and conditions of the settlement; and if it had affirmatively appeared upon this trial that the money advanced for the repair of the boat by the defendant, and which was given in evidence on the trial against the company, had been withdrawn or excluded in arranging the terms of the settlement, the defence here would have been disembarrassed of the difficulty.

But that does not appear. As the case must go down for a new trial for the reason above stated, the defendant will have an opportunity of giving this explanation if it exists. If it does not, we are of opinion the verdict and judgment will be decisive of the defence.

As this point goes to the whole of the defence, if this was a case it would be our duty to refuse a new trial, notwithstanding the error committed on the first ground stated; but as it is a bill of exceptions, we are not at liberty to disregard it. The party is only required to put upon the record so much of the evidence as may be necessary to raise a point of law; we can not say, therefore, what effect the decision may have had upon the trial.

New trial granted, costs abide event.